UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO JOSE GONZALEZ,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-382-CCB-SJF

## <u>ORDER</u>

Immigration detainee Mario Jose Gonzalez, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Gonzalez is a Dominican national who was admitted into the United States as a lawful permanent resident in 2012. ECF 8-1 at 2. On August 25, 2023, he was convicted of Attempted Burglary in the Second Degree in New York under NYPL 110-140.25(02) and sentenced to two years' imprisonment. *Id.* at 2, 5. In 2024, he was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien with an aggravated felony conviction. *Id.* In April 2025, following his criminal sentence, he was taken into immigration custody pursuant to an administrative warrant. *Id.* at 9. On July 29, 2025, an immigration judge ordered that Mr. Gonzalez be removed to the Dominican Republic. *Id.* at 19. On August 28, 2025, Mr. Gonzalez appealed that decision to the BIA. *Id.* at 21-23. The respondents assert Mr. Gonzalez's appeal still is pending before the BIA, and Mr. Gonzalez does not dispute that fact.

In his habeas petition, Mr. Gonzalez argues his ongoing detention is unlawful because he has not been provided with a bond hearing. Specifically, he argues that because he was arrested within the interior of the United States, the respondents are required by law to provide him with a bond hearing. ECF 1 at 6. The warden filed a response to the order to show cause, arguing Mr. Gonzalez is subject to mandatory detention under 8 U.S.C. § 1226(c). Mr. Gonzalez has not filed any reply, and the time for doing so has expired. The court will now rule on Mr. Gonzalez's habeas petition.

Here, the undisputed facts show Mr. Gonzalez is being detained under § 1226(c), which provides for mandatory detention without the possibility for release on bond. *See* 8 U.S.C. § 1226(c) (providing that "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed" an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii)) (emphasis added). Specifically, it is undisputed Mr. Gonzalez was charged in removal proceedings with being deportable under § 1227(a)(2)(A)(iii) based on his conviction for an aggravated felony. Mr. Gonzalez does not dispute that he is properly detained under § 1226(c), nor does he argue that his conviction for attempted burglary under NYPL 110-140.25(02) is not an aggravated felony. Moreover, the BIA previously has held that a conviction for second degree burglary under NYPL 110-140.25(02) is an aggravated felony under § 1227(a)(2)(A)(iii). *See Matter of V-A-K-*, 28 I. & N. Dec. 630 (BIA 2022). Mr. Gonzalez asserts he is nevertheless entitled to a bond hearing, but he does not dispute that § 1226(c) provides for mandatory detention without the possibility for bond, nor does he argue that § 1226(c)'s mandatory detention provision is unconstitutional. *See Demore v. Kim*, 538 U.S.

2

510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Demore*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531. Accordingly, because the record shows Mr. Gonzalez is subject to mandatory detention under § 1226(c) without the possibility for bond, he has not shown his ongoing detention violates his constitutional rights and there is no reasonable basis for the court to order a bond hearing.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 4).

SO ORDERED on July 21, 2026

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3